IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| VICKI STAUFFER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 20-04121-CV-C-WBG |
| ) | |
| KILOLO KIJAKAZI,[1] ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**ORDER AND OPINION REVERSING IN PART AND AFFIRMING IN PART
THE COMMISSIONER'S FINAL DECISION DENYING BENEFITS
AND REMANDING FOR FURTHER PROCEEDINGS**

Pending is Plaintiff Vicki Stauffer's appeal of Defendant Commissioner of Social Security's final decision denying her applications for disability insurance benefits and supplemental security income. After carefully reviewing the record and the parties' arguments, the Commissioner's decision is **REVERSED IN PART** and **AFFIRMED IN PART,** and the case is **REMANDED** for further proceedings.

## I.    BACKGROUND

Plaintiff was born in 1961 and has a high school education. R. at 30, 200, 202. She previously worked as a cashier. R. at 30, 57. In November 2018, Plaintiff applied for disability insurance benefits and supplemental security income claiming she became disabled on October 1, 2016. R. at 19, 200-06. Her disability onset date was later amended to December 14, 2017. R. at 19, 42, 223. Plaintiff's applications were denied, and she requested a hearing before an administrative law judge ("ALJ"). R. at 126-31, 133-34.

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi, Acting Commissioner of the Social Security Administration, is automatically substituted as Defendant in this suit.

In October 2019, a hearing was held before ALJ Vicky Ruth. R. at 38-62. During the hearing, Plaintiff and a vocational expert ("VE") testified. *Id.* On November 20, 2019, the ALJ issued her decision, finding Plaintiff is not disabled. R. at 19-32. The ALJ concluded Plaintiff has the following severe impairments: migraines, generalized anxiety disorder (GAD), anxiety disorder, major depressive disorder (MDD), depression, and dysthymic disorder. R. at 22. She determined Plaintiff has the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with the following nonexertional limitations:

> The claimant should avoid concentrated exposure to workplace hazards such as dangerous moving machinery and unprotected heights. The claimant can understand, remember and carry out instructions consistent with unskilled work. The claimant can occasionally interact with the public, coworkers, and supervisors. The claimant can work in an environment with a moderate noise level.

R. at 25. Based upon her review of the record, the RFC, and the VE's testimony at the hearing, the ALJ concluded Plaintiff could work as a bander and laundry worker, and thus, is not disabled. R. at 30-32. Plaintiff appealed the ALJ's decision to the Social Security Administration's Appeals Council, which denied her appeal. R. at 1-7, 195-96. She now appeals to this Court. Doc. 3.

## II. STANDARD OF REVIEW

Judicial review of the Commissioner's decision is a limited inquiry into whether substantial evidence supports the Commissioner's findings, and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Turpin v. Colvin*, 750 F.3d 989, 992-93 (8th Cir. 2014). This Court must affirm the Commissioner's decision if it is supported by substantial evidence in the record as a whole. *Igo v. Colvin*, 839 F.3d 724, 728 (8th Cir. 2016). The threshold for such evidentiary sufficiency is not high. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). "Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support a conclusion." *Noerper v. Saul*, 964 F.3d 738, 744 (8th Cir. 2020) (citation omitted).

In evaluating for substantial evidence, a court must consider evidence that supports the Commissioner's decision as well as evidence that detracts from it. *Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2015). "As long as substantial evidence in the record supports the Commissioner's decision, [a reviewing court] may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome, or because [the court] would have decided the case differently." *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (citation omitted). If, after reviewing the entire record, it is possible to draw two inconsistent positions and the Commissioner adopted one of those positions, the court must affirm. *See Anderson*, 696 F.3d at 793.

### III. DISCUSSION

This appeal focuses on two issues: the ALJ's evaluation of Plaintiff's subjective complaints, and whether the ALJ fully and fairly developed the record.

**A.  Plaintiff's Subjective Complaints**

Plaintiff argues this matter should be reversed and remanded because the ALJ improperly evaluated her subjective complaints about migraines. Doc. 16 at 8-16. Although a claimant's symptoms alone cannot be used to establish a disability, the applicable regulations require an ALJ to consider all symptoms, including pain, and all of the claimant's statements about their symptoms, including pain. 20 C.F.R. §§ 404.1529(a); 416.929(a). When evaluating a claimant's credibility as to subjective complaints, the ALJ considers several factors, including but not limited to "prior work history; daily activities; duration, frequency, and intensity of pain; dosage, effectiveness and side effects of medication; precipitating and aggravating factors; and functional restrictions." *Grindley v. Kijakazi*, 9 F.4th 622, 630 (8th Cir. 2021) (quoting *Halverson v. Astrue*, 600 F.3d 922, 932 (8th Cir. 2010)); *see also* 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). Objective medical evidence is also considered, but "the ALJ may not discount a claimant's subjective

3
Case 2:20-cv-04121-WBG   Document 28   Filed 03/04/22   Page 3 of 9

complaints solely because they are unsupported by objective medical evidence." *Id*. (citation omitted). Further, the "ALJ may decline to credit a claimant's subjective complaints 'if the evidence as a whole is inconsistent with the claimant's testimony.'" *Julin v. Colvin*, 826 F.3d 1082, 1086 (8th Cir. 2016) (citation omitted). A reviewing court normally defers to an ALJ's credibility determination as long as the ALJ "explicitly discredits the claimant's testimony and gives good reasons for doing so." *Halverston*, 600 F.3d at 932.

When there are inconsistencies in an individual's statements made at varying times, those statements are "not necessarily . . . inaccurate." Soc. Sec. Admin., Policy Interpretation Ruling Titles II & XVI: Evaluation of Symptoms in Disability Claims, SSR 16-3p, 2017 WL 5180304, at *9 (Oct. 25, 2017). This is because "[s]ymptoms may vary in . . . intensity, persistence, and functional effects, or may worsen or improve with time." *Id*. If an ALJ finds inconsistencies in an individual's statements about symptoms, the ALJ "will explain which of an individual's symptoms [the ALJ] found consistent or inconsistent with the evidence in [the] record and how [the ALJ's] evaluation of the individual's symptoms led to [the ALJ's] conclusions." *Id.* at *8. In addition, the ALJ's decision "must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms." *Id*. at *10.

**(1)     Plaintiff's Function Report, Headache Questionnaire, and Hearing Testimony**

In December 2018, Plaintiff submitted a Function Report to the Social Security Administration. R. at 259-66. Therein, she reported she suffered from migraine headaches. *Id*. at 266. When experiencing a migraine, Plaintiff's head throbs, and she has pain in her eyes, the side and back of her head, temples, and neck. *Id*. She also reported feeling nauseated and being light

sensitive. *Id*. She represented, "[s]ome headaches last as long as 2 days, 2 nights." *Id*. And when she experiences a bad headache, she noted she "can't sleep or concentrate." *Id*.

In January 2019, Plaintiff executed a Headache Questionnaire. R. at 278-79. According to the questionnaire, she experiences a headache nearly every day, and headaches can last anywhere from two hours to two days. R. at 278. When experiencing a bad headache or migraine, Plaintiff cannot concentrate, is sensitive to light, and feels nauseated. *Id*. To relieve the symptoms, Plaintiff lies down, covers her eyes, and takes her medication. *Id*.

During the hearing in October 2019, Plaintiff testified she experiences headaches on a nearly daily basis and has "bad headaches" or migraines on a weekly basis that lasts for one to two days. R. at 46-49. When she suffers from a more severe headache or migraine, Plaintiff takes Advil every three hours, lies down, covers her eyes, and shuts everything off. R. at 48-49.

**(2)    The ALJ's Evaluation of Plaintiff's Subjective Complaints**

The ALJ found Plaintiff's statements concerning the intensity, persistence, and limiting effects of her migraines were "not entirely consistent with the medical evidence and other evidence in the record." R. at 26. She concluded the "frequency of the claimant's headaches is not fully consistent," observing "the frequency of the severe headaches was generally about once a month but is also reported as more often at times." *Id*. In addition, the ALJ noted Plaintiff "has benefited from medications and treatment for migraines[,] and they are manageable." *Id*. She emphasized that Plaintiff was prescribed two medications for headache prevention, had an "excellent response" to Botox injections, and an MRI showed a "normal brain." *Id*. To account for migraines in the RFC, the ALJ limited Plaintiff to "a moderate noise level," prohibited her from workplace hazards because "she might be less aware of such hazards due to her headaches," and restricted her to "unskilled work and occasional interaction with others that should help reduce headache pain and help her to concentrate." *Id*. at 26-27.

### (3) Evidence in the Record

Although the ALJ found the "frequency of the claimant's headaches is not fully consistent," she cited nothing in the record to support this finding. *See* R. at 26. Remarkably, the records referenced in the ALJ's discussion about Plaintiff's migraines being manageable bolster Plaintiff's subjective complaints. Specifically, in December 2017, Plaintiff's neurologist, Dr. Pradeep Bollu, reported that although Plaintiff had significant improvement[2] with Botox injections, she was still suffering from a "bad headache once a week." R. at 424. In December 2018, Dr. Bollu noted Plaintiff's headaches occurred roughly twenty-five days per month, and she was experiencing five to ten migraines per month. R. at 409. Then, in March 2019 and June 2019, Dr. Bollu indicated the frequency of Plaintiff's migraines and headaches remained unchanged – five to ten migraines per month, and headaches on a near daily basis. R. at 672-73. These medical records are consistent with Plaintiff's subjective complaints. *See supra*, section III(A)(1).

Moreover, Defendant does not cite, and the Court has been unable to locate, anything in the record establishing – or even suggesting – Plaintiff's more severe migraines/headaches occur less frequently than weekly.[3] Contrary to the ALJ's finding, the evidence in the record is not inconsistent with Plaintiff's complaints about the frequency of her more severe migraines and headaches. Rather, the evidence corroborates her reports as to how frequently she suffers from migraines and headaches. The Court finds the ALJ erred in determining Plaintiff's subjective

---

[2] An improvement in condition is not necessarily dispositive when evaluating a claimant's subjective complaints. *See Cox v. Barnhart*, 345 F.3d 606, 609 (8th Cir. 2003) ("It is possible for a person's health to improve, and for the person to remain too disabled to work."). In this case, Plaintiff's "improvement" remains consistent with her reported symptoms and frequency of headaches.

[3] To the extent the ALJ relied on the "normal" MRI of Plaintiff's brain (R. at 399) to discount the reported frequency of migraines and headaches, she cannot rely solely on objective medical evidence to discount Plaintiff's subjective complaints. *See Grindley*, 9 F.4th at 630. Further, an ALJ's reliance on a "normal" MRI in a case involving migraine headaches appears misguided. *See Jenkins v. Kijakazi*, No. 21-3003-CV-S-BP, 2022 WL 357185 at *2, n.2 (W.D. Mo. Feb. 7, 2022) (observing "it appears that MRIs and other scans are used to rule out other possible causes of headaches; they do not detect the presence or severity of migraines."); *see also Moon v. Colvin*, 763 F.3d 718, 722 (7th Cir. 2014) ("Doctors use MRIs *to rule out possible causes of headache* – such as a tumor – meaning that an unremarkable MRI is completely consistent with a migraine diagnosis.") (emphasis in original and citation omitted).

complaints about her migraines and headaches were inconsistent with the record. Accordingly, the Court **REVERSES** the Commissioner's final decision denying benefits and remands the matter for further proceedings. *See Koch v. Kijakazi*, 4 F.4th 656, 664-65 (8th Cir. 2021) (finding the ALJ's determination that the plaintiff's subjective complaints were inconsistent with the record was in error because the determination was not supported by substantial evidence on the record as a whole). Upon remand, the ALJ must properly consider Plaintiff's subjective complaints.

**B.     The ALJ's Development of the Record**

Plaintiff contends the record does not contain sufficient evidence addressing the impact of her mental conditions on her ability to work, and therefore, the ALJ should have further developed the record and ordered a consultative examination. Doc. 16 at 16-20. "[T]he ALJ bears a responsibility to develop the record fairly and fully, independent of the claimant's burden…." *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (quoting *Snead v. Barnhart*, 360 F.3d 834, 838 (8th Cir. 2004)); *see also Grindley*, 9 F.4th at 629-30 (finding an ALJ has an independent duty to develop the record but "is not required to seek additional clarifying statements from a treating physician unless a crucial issue is undeveloped.").

If the record "does not contain all the information" needed to determine whether a claimant is disabled, the ALJ may recontact a medical source, request additional existing evidence, order a consultative examination, or ask the claimant or others for more information. 20 C.F.R. §§ 404.1520b(b)(2), 416.920b(b)(2). Relevant to this appeal, the ALJ may order a consultative examination if the needed evidence is not contained in the medical records, the needed evidence may have been available from a medical source but cannot be obtained for reasons beyond the claimant's control, specialized medical evidence is not available from a medical source, or there has been a change in the claimant's condition that is likely to affect the claimant's ability to work. *Id*. §§ 404.1519a(b), 416.919a(b).

7

As noted in the ALJ's opinion, Plaintiff first received mental health treatment in March 2016. R. at 27. The ALJ detailed the mental health treatment Plaintiff received over more than three years, including prescription changes, mental status examinations, providers' observations, and consistency of counseling. R. at 27-30. Based on the evidence in the record, the ALJ determined Plaintiff's mental impairments moderately limited her abilities to understand, remember, or apply information; interact with others; and concentrate, persist, or maintain pace. R. at 24. She also found Plaintiff was mildly limited in her ability to adapt or manage oneself. *Id*.

The ALJ accounted for Plaintiff's mental impairments in the RFC by limiting Plaintiff to understanding, remembering, and carrying out instructions consistent with unskilled work. R. at 25, 28. The ALJ also limited Plaintiff to occasional interaction with the public, coworkers and supervisors. R. at 25, 28. The ALJ declined to order a consultative examination, finding "such an evaluation is unnecessary in light of the sufficient available evidence to determine the claimant's mental impairments and functional capacity." R. at 28.

Because the RFC is a medical question, the ALJ's RFC "must be supported by some medical evidence of [Plaintiff's] ability to function in the workplace." *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016) (citation omitted). But "there is no requirement that an RFC finding be supported by a specific medical opinion." *Id*. (citation omitted). When the record lacks a medical opinion as to the claimant's functional limitations, "medical records prepared by the most relevant treating physicians [can] provide affirmative medical evidence supporting the ALJ's residual functional capacity findings." *Id.* (quoting *Johnson v. Astrue*, 628 F.3d 991, 995 (8th Cir. 2011)).

Here, more than three years of medical records from Plaintiff's health providers provided detailed information about her mental health symptoms and limitations. *See* R. at 458-582, 596-669. These records included sufficient information needed to determine Plaintiff's mental health limitations. Moreover, no crucial issue was undeveloped, and the medical records did not contain

8

conflicting or ambiguous information. The Court finds the record was adequately developed, and therefore, the ALJ was not required to order a consultative examination in this case. The RFC fully accounted for Plaintiff's mental impairments. In this regard, the Court **AFFIRMS** the Commissioner's final decision denying benefits.

## IV. CONCLUSION

For the foregoing reasons, the Court finds the substantial evidence in the record as a whole does not support the ALJ's decision related to Plaintiff's subjective complaints, and in this regard, the Commissioner's decision is **REVERSED IN PART** and **REMANDED** for further proceedings consistent with this matter. In addition, the Court finds the record was adequately developed related to Plaintiff's mental health symptoms and limitations, and in this regard, the Commissioner's decision is **AFFIRMED IN PART**.

**IT IS SO ORDERED.**

DATE: March 4, 2022 　　　　　　　　　　　　/s/ W. Brian Gaddy
　　　　　　　　　　　　　　　　　　　　　W. BRIAN GADDY
　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE